State v. Smyles

Reversed.

Judges MORRIS and VAUGHN concur.

STATE OF NORTH CAROLINA v. JAMES H. SMYLES

No. 744SC99

(Filed 15 May 1974)

1. **Criminal Law § 77; Robbery § 3— armed robbery — statement by defendant to victim — admissibility**

The trial court in an armed robbery case did not err in allowing the victim to testify that he saw defendant a week after he was released on bail, and that defendant told the victim that he was going to "beat the case" and the victim would thereafter not be allowed in the town.

2. **Criminal Law § 99— examination of defendant by court — no expression of opinion**

Questioning of defendant by the trial court with respect to a probationary sentence which defendant had received as a minor was proper in form and scope for the purpose of clarifying defendant's testimony concerning probation and did not amount to an expression of opinion by the court.

3. **Criminal Law §§ 34, 117— armed robbery — instruction as to prior offenses — no error**

The trial judge in an armed robbery prosecution did not err in his charge to the jury when he instructed that defendant offered evidence tending to show that he had been convicted of statutory rape or contributing to the delinquency of a minor when defendant was 17 years old.

APPEAL by defendant from *Cohoon, Judge,* 11 June 1973 Session of Superior Court held in ONSLOW County. Argued in the Court of Appeals 16 April 1974.

Defendant was tried upon a bill of indictment charging him with armed robbery.

The State's evidence tended to show that on or about 1 May 1973, Joseph Casey (Casey), the prosecuting witness, was confronted by defendant who approached Casey with "something under his shirt." Casey was ordered to go to an automobile where a woman was sitting in the front seat. Casey was then driven to a house and was taken inside. Defendant held Casey

at gunpoint while the woman took Casey's wallet and removed $76.00 therefrom. Casey was then driven back to the bus station, put out of the car, and warned not to call the police or he would be killed. Casey memorized the tag number of the vehicle and summoned the police.

When the police arrived, Casey accompanied a detective to the scene of the robbery. Defendant was not at the house, but was located with two women at the Front Spot Bar. Defendant was not carrying a pistol at the Front Spot Bar; however, a pistol was found in a search of defendant's home.

Defendant's evidence tended to show that defendant solicited customers for prostitutes. Defendant contended that Casey had voluntarily given up $76.00 to obtain the services of a prostitute on the evening in question. Witnesses for the defendant testified that Casey voluntarily accompanied the defendant and paid $76.00 for the services of a prostitute.

Defendant was sentenced to not less than twenty-eight and not more than thirty years. Defendant appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General Hamlin, for the State.*

*Cameron and Collins, by William M. Cameron, Jr., for the defendant.*

BROCK, Chief Judge.

[1] Defendant contends the trial court erred in allowing, over objection, the testimony of Casey concerning a conversation which allegedly took place one week after the alleged incident. Casey testified that he saw defendant a week after defendant was released on bail, and that defendant told Casey that he was going to "beat the case," and if he did, Casey "wasn't allowed back in Jacksonville." This was a statement volunteered by defendant about the case. It was properly allowed in evidence.

[2] Defendant argues that the trial court erred when the court interrupted the District Attorney's cross-examination of defendant to examine defendant concerning a probationary sentence, which defendant received as a minor. Defendant argues that the questioning by the trial court served no purpose since defendant had freely admitted on direct examination that he was of low moral character, had received a dishonorable discharge from

the U. S. Marine Corps, and that he lived off of the earnings of prostitutes.

The record reveals that during cross-examination, defendant testified he had never been convicted of a crime, but admitted having been put on probation. The trial court inquired of defendant what offense had resulted in defendant's probation. The offense was contributing to the delinquency of a minor with regard to sexual activities.

This questioning by the trial court was for the purpose of clarifying defendant's answer concerning convictions. No expression of opinion or intimation as to personal feelings appears. The questioning was proper in form and scope for the purpose of clarifying defendant's testimony concerning probation. This assignment of error is overruled.

[3] Defendant also contends that the trial court erred in its charge to the jury when the trial court charged that defendant offered evidence tending to show that he had been convicted of statutory rape or contributing to the delinquency of a minor when defendant was seventeen years of age.

"When a defendant in a criminal case takes the stand, he may be impeached by cross-examination with respect to previous convictions of crime, but his answers are conclusive and the record of prior convictions cannot be introduced to contradict him. (Citations omitted.) In a criminal case, this rule applies to every defendant who takes the stand, regardless of his age at the time of his previous *conviction*." *State v. Alexander,* 279 N.C. 527, 184 S.E. 2d 274.

This assignment of error is overruled.

For the reasons stated, we find the defendant had a fair trial, free from prejudicial error.

No error.

Judges PARKER and BALEY concur.